23887. HAGGINS *v.* THE STATE.

DECIDED MARCH 30, 1934.

*W. A. Dampier,* for plaintiff in error.

*Lester F. Watson, solicitor,* contra.

GUERRY, J.   An accusation was preferred in the city court of Dublin, charging the defendant and Belah Holmes with the larceny of 190 pounds of seed cotton.   He complains of the verdict of the jury finding him guilty.   The evidence shows, that J. J. Perry was in possession, at his storage house, of a couple of sheets containing about 200 pounds of seed cotton.   The house was not locked.   The morning after the cotton was missed "an old rugged automobile track" was seen at the edge of the sand at the corner of the house, and locks of cotton were scattered around.   The cotton was tied up in burlap cotton sheets.   The defendant and Belah Holmes were seen the next morning in a model "T" Ford with tires on it well worn, not having any tread on them.   It belonged to another negro, named Bud Coley.   The tracks made by this car were similar to the tracks made by the car at the house from which the seed cotton was taken.   Two colored men, traveling in an old model "T" Ford brought 190 pounds of seed cotton to the Southern Cotton Oil Company in Dublin about seven o'clock the next morning and sold it.   No attempt was made to identify the cotton or the sheets in which it was contained, nor was the model "T" Ford identified.   The man who bought the cotton stated he could not identify anyone, and another witness who was present at the sale pointed out a young man in the court as being one of the men who sold the cotton, but did not notice the other.   The evidence does not disclose even that the one indicated was the defendant.   The seed cotton delivered to the oil mill was in "crocus sacks."   We are of the opinion that this evidence, being entirely circumstantial, is insufficient to support the conviction.   The trial judge, therefore, erred in overruling the defendant's motion for a new trial upon the general grounds.   The judgment being reversed on the general grounds, the special grounds of the motion are not passed upon.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*